CRICHTON, J., concurring in part and dissenting in part.
The State presented overwhelming evidence of the defendant's guilt here, and I agree with the per curiam that the majority of defendant's claims lack merit. However, I disagree with the per curiam as to one claim: defendant's assertion that he received ineffective assistance of counsel in the penalty phase. Considering the performance by defense counsel, I conclude that this claim warrants more thorough examination, particularly in light of State v. Hamilton , 92-2639, (La. 7/1/97), 699 So.2d 29.[1] Rather than summarily denying defendant's claim at this juncture, I would grant and docket defendant's application for the limited purpose of determining whether he received ineffective assistance of counsel in the penalty phase of this capital trial.

To show that counsel rendered ineffective assistance at the penalty phase, relator must meet the standard set out by this court in State v. Hamilton , 92-2639, p. 6 (La. 7/1/97), 699 So.2d 29, 32, and must show that counsel (1) failed to undertake a reasonable investigation which would have uncovered mitigating evidence; (2) that failing to put on available mitigating evidence was not a reasonable strategic decision; and (3) that it resulted in actual prejudice. Given counsel's tepid performance and apparently minimal investigation, I believe the claim of ineffective assistance in the penalty phase merits close scrutiny, particularly with regard to the question of prejudice.